**FILED**

**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

2008 Aug 26 PM 02:57

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No.: 05-74408 |
| ) | |
| Thomas Jefferson Armstrong and ) | Chapter 7 |
| Barbara Ellen Armstrong, ) | |
| ) | Adv. Pro. No. 06-3062 |
| Debtors. ) | |
| ) | Hon. Mary Ann Whipple |
| Kenneth Long, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Thomas Jefferson Armstrong, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF DECISION AND ORDER REGARDING MOTION TO COMPEL

This matter is before the court on Defendants' Motion to Compel [Doc. # 42] and Supplement to Defendants' Motion to Compel [Doc. # 64] (collectively, "Motion"). The court held a hearing on the motion that Plaintiff's attorney and Defendants' attorney attended in person. Defendants seek an order pursuant to Federal Rule of Civil Procedure 37, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7037, compelling Plaintiff to properly respond to their discovery requests, including

both interrogatories and requests for production of documents.

Plaintiff commenced this adversary proceeding by filing a complaint on January 27, 2006, to determine dischargeability of debts allegedly owed to him by Defendants. He alleges that the debts should be excepted from discharge as they are debts for money obtained by Defendants' misrepresentations and fraud. On June 19, 2006, Defendants properly served on Plaintiff their First Set of Interrogatories and First Request for Production of Documents. Plaintiff, proceeding pro se at that time, did not respond. On September 14, 2006, after Plaintiff had retained counsel, Plaintiff responded to Defendants' discovery requests. After making a good faith attempt to obtain full disclosure of the requested discovery without this court's intervention, Defendants filed the instant Motion on October 27, 2006. They seek an order compelling Plaintiff to fully and completely respond to their discovery requests and requiring Plaintiff to pay attorney fees relating to this motion in the amount of $150. For the reasons that follow, Defendants' Motion will be granted.

## **DISCUSSION**

Under Rule 37, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). In addition, "[i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Defendants identify seven interrogatories and five requests for production of documents that they contend contain inadequate responses. Responses to interrogatories 2, 3, 11 and 17 and responses to document requests 2, 3 and 4 pose objections based on relevancy. However, the objections are not signed by Plaintiff's attorney. Federal Rules of Civil Procedure 33, made applicable to this proceeding by Federal

2

Rule of Bankruptcy Procedure 7033, requires that an attorney who objects to an interrogatory must sign any objection. Fed. R. Civ. P. 33(b)(5). Similarly, Federal Rule of Civil Procedure 26(g), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026, requires that at least one attorney of record sign every discovery objection. Fed. R. Civ. P. 26(g)(1). This requirement is not a mere technicality; the attorney's signature serves as a certification of the facts set forth in Rule 26(g)(1). The court concludes, therefore, that no proper objections have been made to these interrogatories and document requests.

Defendants also argue that, even if a proper objection had been made, the information sought in these interrogatories and requests for production of documents is relevant. Both interrogatories and requests for the production of documents may relate to any matter within the scope of Rule 26(b). Fed. R. Civ. P. 33(a)(2); Fed. R. Civ. P. 34(a). Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).

Defendants' second interrogatory asks Plaintiff to state the basis of his belief that Defendants were officers, directors, or owners of R&A Limited at the time of the exchange of funds alleged in the complaint. Their third interrogatory asks Plaintiff to state the basis of his belief that Defendant Thomas Armstrong ("Armstrong") would use the loan proceeds at issue to rehabilitate R&A Limited. Both interrogatories are clearly relevant as they address specific allegations in the complaint. [*See* Doc. 1, Complaint, ¶¶ 11 & 13].

Interrogatory 11 asks, "When and how did you first become aware of the existence of R and A, Limited?" As Plaintiff alleges in his complaint that he believed that he loaned funds to R&A, Ltd. and that the funds would be used for "rehabilitating" that company, whether he was even aware of the existence of R&A, Ltd., at the time the funds were loaned is certainly relevant.

Interrogatory 17 asks Plaintiff to "[d]escribe the events that led to the charge(s) against you." This interrogatory apparently assumes an affirmative answer to Interrogatory 16, wherein Defendant asks, "Have you been convicted of any crimes associated with your relationship with or your association with Defendants." [Def. Ex. A, p. 9]. Although Defendants argue that Plaintiff's prior efforts, whether legal or illegal, at collecting the debt at issue is relevant, Plaintiff answered Interrogatory 16, under penalties of perjury, that he had not been convicted of any such crime. [*Id.*]. Thus, it does not appear that Interrogatory 17 is relevant to any issue in this adversary proceeding.

Document requests 2 and 3 ask Plaintiff to produce account statements "for any account into which

3

funds belonging to you or funds within your control have been deposited and checking account ledgers "for any checking account into which you have deposited funds or over which you assert control for the period January 1, 2001, through the date of your response to this request." [Doc. # 64, unnumbered p. 4]. Defendants argue that because the amount loaned is in dispute, "[t]he source of money Plaintiff claims he lent to Defendant may be determined by examining his financial accounts." While the court agrees that Plaintiff's account statements and ledgers may lead to the discovery of admissible evidence, since their relevancy is related to the source of the loaned funds, any statements and ledgers after the last month in which funds were loaned are irrelevant.

Defendants' fourth document request requires Plaintiff to produce his tax returns, including schedules and worksheets, for tax years 2001 through 2005. Plaintiff failed to provide any schedules and otherwise provided incomplete tax information. In their Motion and at the hearing on the Motion, Defendants argue that this information is relevant since both the amount loaned and the amount repaid is in dispute. At the hearing, the court agreed that the requested tax information is relevant.

Other discovery responses that Defendants argue are inadequate include responses to Interrogatories 10, 12 and 15 and document requests 1 and 5. Interrogatory 10 asks that Plaintiff provide the name, address, and phone number of each person he intends to call as a witness at any hearing in this case and a summary of the expected testimony to be elicited from each witness, and Defendants' first document request requires Plaintiff to provide any document he intends to offer as an exhibit "at hearing on any pending Motion" in the case. [Doc. # 64, unnumbered p. 3]. On September 10, 2006, Plaintiff signed his response that the requested information was "[n]ot yet determined." [Def. Ex. A, p. 7]. As of the date of the hearing on the Motion, which was four days after the discovery cut-off date in this case, Plaintiff had not supplemented his response with any additional information. To the extent that Plaintiff intends to present any witnesses or documentary evidence at a hearing or trial in this case, he must identify each document and identify the witness and provide the subject of the information about which the witness will testify. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) & (a) 3)(A); Fed. R. Civ. P. 37(c)(1); *Taylor v. Illinois*, 484 U.S. 400, 416-17 (1988) (holding that precluding proposed witness who was not identified in response to pretrial discovery request from testifying as sanction for failing to disclose the witness was not improper).

Interrogatory 12 required Plaintiff to provide information regarding the person who prepared the complaint in this proceeding. Defendants' interrogatories instruct that "[w]here the name or identity of a person is requested, state the person's full name, home address, business address if any, and phone

4

number." [Def. Ex. A, p. 2]. Plaintiff responded with the name "Dave Bales" but provided no information regarding an address or telephone number. As such, the response is incomplete and must be supplemented.

Interrogatory 15 asks Plaintiff to "[d]escribe the repayment plan you allege was entered into at the time of the transaction you allege occurred for each check" and to "[i]nclude interest rates, due dates, etc." [*Id.* at 9]. Defendant simply responded, "Monthly payments," without providing the additional information requested. [*Id.*]. This response is also incomplete and must be supplemented.

Finally, Defendants' fifth document request requires Plaintiff to provide any payment records relating to funds paid by Defendants on any obligation owed to Plaintiff since 1995. Plaintiff responded:

> Defendants sometimes paid in cash and sometimes paid by check, which I cashed immediately at Defendants' bank; the cash was either wholly used by me or partially used and the remainder deposited into one of my accounts; I cannot determine, at this time, which deposits to my accounts are derived from Defendants' payments; however, in Defendants' request for Admissions, I have admitted that I received $59,000 from Defendants.

[Doc. # 64, unnumbered p. 4]. Plaintiff's response does not address the existence or nonexistence of payment records and, as such, is inadequate and must be supplemented.

Finding Defendant's Motion well taken, the court further finds, under Rule 37(a)(5)(A), Defendants are entitled to their attorney fees incurred in connection with this motion in the amount of $150.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Compel [Doc. # 42] be, and hereby is **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff supplement his responses to Defendants' First Set of Interrogatories and First Request for Production of Documents in accordance with this Memorandum of Decision and Order on or before **October 2, 2008**; and

**IT IS FURTHER ORDERED** that Plaintiff pay Defendants' attorney fees incurred in connection with the Motion to Compel in the amount of $150, to be paid on or before **October 2, 2008**.

5