**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

**FILED**
2008 Aug 26 PM 03:00
CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No.: 05-74408 |
| ) | |
| Thomas Jefferson Armstrong and ) | Chapter 7 |
| Barbara Ellen Armstrong, ) | |
| ) | Adv. Pro. No. 06-3062 |
| Debtors. ) | |
| ) | Hon. Mary Ann Whipple |
| Kenneth Long, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Thomas Jefferson Armstrong, et al., ) | |
| ) | |
| Defendant. ) | |

### ORDER DENYING MOTION FOR SANCTIONS

    This matter is before the court on Defendants' Motion for Rule 9011 Sanctions [Doc. # 66] and Plaintiff's response [Doc. # 68]. For the reasons that follow, Defendants' motion will be denied.

    Defendants seek an order imposing sanctions under Federal Rule of Bankruptcy Procedure 9011, which provides in relevant part as follows:

> **(b) Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge,

information, and belief, formed after an inquiry reasonable under the circumstances,–

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

. . . .

**(d) Inapplicability to Discovery**. Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 7026 through 7037.

Fed. R. Bankr. P. 9011(b).

Defendants contend that the following conduct of Plaintiff violates Rule 9011(b). According to Defendants, Plaintiff testified at his deposition, taken nine months after the complaint in this adversary proceeding was filed, that he never even saw the complaint that was purportedly filed by him *pro se* and that, he disclaimed several of the factual allegations in the complaint. At the commencement of this proceeding, Plaintiff had not signed the complaint but did so months later on order of the court and has not sought to amend the complaint. While alleging facts for which there is no reasonable basis for believing that there is evidentiary support would violate Rule 9011(b), Defendants have failed to provide a transcript of Plaintiff's deposition testimony from which the court could make such a finding.

Defendants also argue that Plaintiff's claims are not legally warranted and have no evidentiary support. Plaintiff alleges a debt owed to him by Defendants for money obtained by their false representations and actual fraud and seeks a monetary judgment and an order declaring the amount owed to be nondischargeable. In the complaint, Plaintiff alleges that Defendant Thomas Jefferson Armstrong

2

issued checks payable to Plaintiff in exchange for cash advances and further alleges that the checks were written on closed accounts. Plaintiff argues that he intends to prove that Defendants did not intend to repay the funds loaned by Plaintiff. While a mere breach of a promise to pay will not support a finding of fraud, "any debtor who does not intend to perform a contract from its inception has knowingly made a false representation." *Stifter v. Orsine (In re Orsine),* 254 B.R. 184, 188 (Bankr. N.D. Ohio 2000). Plaintiff's claim is legally cognizable under 11 U.S.C. § 523(a)(2)(A). While Defendants argue that there is no evidence showing that they did not intend to repay the loans at issue in this case, the standard under Rule 9011(b)(3) is that the allegations either "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." The record is not such that the court can conclude that to the best of Plaintiff's "knowledge, information and belief" at the time the allegations were made, they were not likely to have any evidentiary support after further discovery was obtained.

Finally, Defendants argue that the following conduct of Plaintiff relating to discovery issues in this case violates Rule 9011(b): filing a motion for default judgment instead of a motion to compel as a result of late discovery; failing to timely respond to Defendants' discovery requests and then providing inadequate and incomplete responses, and failing to appear at a deposition. However, as set forth above, Rule 9011 is inapplicable to disclosures, responses, objections and motions that are governed by the discovery rules of the Federal Rules of Bankruptcy Procedure. The conduct specified by Defendants is governed by the discovery rules and is addressed by the court in ruling on Defendants' motion to compel wherein Defendants seek sanctions under Rule 9037 for the same conduct and in ruling on Plaintiff's motion for default judgment.[1]

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendants' Motion for Rule 9011 Sanctions [Doc. # 66] be, and hereby is, **DENIED**.

---

[1] Although the court explained that entry of default was inappropriate in ruling on Plaintiff's pro se motion for default judgment, the court also construed the motion a one for sanctions against Defendants for failing to timely respond to discovery. [*See* Doc. # 24].